CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. From an adverse judgment on the merits, she appeals.
The issue is whether plaintiff was disabled beyond the date on which workmen’s compensation payments were terminated.
The facts show that plaintiff, a female 54 years of age, was working as a nurse’s aide at Cenia Manor Nursing Home in Alexandria. On February 10, 1968, she was moving a heavy patient from a bed to a wheelchair. She slipped and caught the full weight of the patient to prevent him from falling. Immediately, she felt a sharp pain in the calf muscle of her left leg.
Plaintiff continued to work for five or six days but pain developed in the left calf and in the heel of her left foot. On February 16, 1968, she went to see Dr. O. W. Hilton, a general practitioner of Alexandria.
Dr. Hilton diagnosed a strain of the calf muscles of her left leg and fasciatis (an *797 inflammation of the covering of ligaments or muscles) of the left heel. Treatment was initiated with drugs for inflammation and pain.
Dr. Hilton continued to see and treat plaintiff from February of 1968 through January of 1971 and saw her a total of 72 times. Her principal complaint was tenderness in the heel. During this time Dr. Hilton referred plaintiff to Dr. Ray Beur-lot, an orthopedic specialist of Alexandria. Dr. Beurlot saw plaintiff about 15 times in the period from April, 1968 through January of 1971. During the latter months of this period of time, neither Dr. Hilton nor Dr. Beurlot were able to find any objective symptoms to substantiate plaintiff’s continued subjective complaints of tenderness in the left heel.
Finally, in April of 1971, both Dr. Hilton and Dr. Beurlot reported that plaintiff had recovered from the accident and was able to return to the work which she was performing at the time of the accident. Compensation payments were terminated on May 10, 1971.
In June of 1971, plaintiff was seen by Dr. G. L. Hovnatanin, a specialist in vascular conditions. This physician found no abnormal vascular condition related to the left heel.
At the request of plaintiff’s attorney, she was examined on June 29, 1971 by Dr. Jack T. Cappel, Jr., a physician and surgeon of Alexandria. This physician found no objective symptoms and states that “at the most, I would suspect that this lady had a plantar tendinitis, which may or may not be related to the accident.”
During his period of treatment, Dr. Beurlot also referred plaintiff to Dr. C. W. Lowrey, an orthopedic surgeon, for consultation. The record does not show the findings or opinion of Dr. Lowrey.
The only physician who supports plaintiff is Dr. Donald K. Tischler, a general practitioner of Alexandria, who saw plaintiff one time at the request of her attorney on August 16, 1971, which was about three years and five months after the accident. This physician diagnosed “A chronic lumbar strain and probable bursitis of the left heel, with possible early spur formation. She was advised to return to the orthopedic surgeon for re-evaluation.” He felt plaintiff was incapacitated from work which required standing for long periods of time.
The district judge evaluated the testimony as follows:
“There is not enough objective evidence for this Court to award compensation benefits to the plaintiff. The Court has sympathy for Mrs. Stilley, but feels that for a plaintiff in a workmen’s compensation suit to be awarded benefits through Court, a greater showing of disability must be made. The pain she describes would be disabling, but the testimony of the plaintiff alone in regard to this pain is not sufficient. There must be some medical to substantiate the disability beyond what was exhibited at this trial.”
We find no manifest error in the conclusion of the trial judge.
Plaintiff’s principal argument on appeal is that even following the termination of compensation payments on May 10, 1971, both Dr. Hilton and Dr. Beurlot continued to prescribe medication for pain and that Dr. Jack T. Cappel also prescribed medication for pain following his examination on July 13, 1971. The rationale is that since these physicians prescribed medication for pain, plaintiff must have had disabling pain.
The evidence shows that plaintiff had other non-work-connected ailments for which these drugs were prescribed. Dr. Hilton testified he continued the pain drugs for plaintiff’s ulcer, diverticulosis and urinary tract infection. In any event, Drs. Hilton and Beurlot were firm in their opinions that plaintiff recovered from the accident and was no longer disabled by April of 1971. Drs. Cappel and Hovnatan- *798 in corroborate them. Only Dr. Tischler disagrees, and as he saw plaintiff only once and then three years and five months after her trauma, even he said he would defer to the opinion of an orthopedic surgeon. Thus a clear preponderance of the expert medical testimony supports the cessation of payments on May 10, 1971.
Since there is no substantial conflict in the medical testimony, we do not find it necessary to discuss the lay testimony.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.